388 So.2d 218 (1980)
STATE of Florida, Appellant,
v.
John F. MERKLEIN and James B. Nelson, Appellees.
No. 79-1692.
District Court of Appeal of Florida, Second District.
August 1, 1980.
Rehearing Denied September 12, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Fred S. Pflaum of Ginsburg, Byrd & Jones, Sarasota, for appellee Nelson.
Robert A. Farrance and Edwin T. Mulock of Mulock & Farrance, Bradenton, for appellee Merklein.
SCHEB, Chief Judge.
The state appeals the trial court's order suppressing appellees' confessions and tangible evidence seized from their vehicle. The court held that the officers' initial investigatory stop of appellees was proper, but that their continued detention, which resulted in probable cause for their arrest, was unreasonable. We reverse.
The state charged John F. Merklein and James B. Nelson with two counts of attempted robbery and one count of carrying a concealed weapon. Each pled not guilty and moved to suppress both their confessions and tangible evidence seized from their vehicle.
*219 At the suppression hearing several law officers testified. From their testimony it appears that two white males, one armed with a handgun, attempted to rob Roy Campbell on Siesta Key in Sarasota County, and fled in an automobile. After interviewing the victim and several witnesses, Sarasota County Sheriff's Deputy Poole had the Sheriff's Department issue a radio bulletin for a late model blue Camaro or Firebird occupied by two white males armed with a handgun. The Department promptly dispatched other deputies to the two bridges connecting the Key to the mainland. Subsequently, the Department informed Deputy Poole that deputies had stopped at least three vehicles fitting the description on the Key. Poole transported the victim and witnesses to the locations of these stops for purposes of identification.
Approximately ten minutes after the bulletin was aired, a deputy stopped Merklein and Nelson, both white males, in a blue Firebird matching the description of the suspect vehicle on Siesta Key three or four miles from the site of the attempted robbery. Immediately after the stop another deputy arrived. The officers asked about the attempted robbery and a rifle they observed on the back seat of the car. Merklein and Nelson each denied knowledge of the attempted robbery and explained that they had been target shooting with the rifle. After Merklein and Nelson had produced identification at the deputies' request, the deputies ran a computer check on them which proved negative.
The officers then asked if there were other weapons in the car, and Merklein and Nelson answered no, but appeared to be in disagreement. The officers separated Merklein and Nelson and again asked them if there were any additional weapons in their vehicle. Merklein told Deputy Bishop that there was a handgun and knife in the car. On direct examination Deputy Bishop testified that she gave Merklein Miranda warnings before asking him about weapons the second time. On cross examination, however, she stated that she did not give the required warnings until after she had questioned him the second time. On redirect examination she emphatically stated that she gave Merklein Miranda warnings before questioning him the second time about additional weapons.
The officers detained Merklein and Nelson until Deputy Poole arrived with the victim and other witnesses some twenty to forty minutes after the stop. When they arrived, neither the victim nor the witnesses could positively identify Merklein or Nelson or their vehicle, however. At that point the officers arrested Merklein and Nelson for carrying a concealed weapon and transported them to the Sheriff's Department. There each confessed to the attempted robbery of Campbell as well as an earlier attempted robbery.
The trial court granted Merklein's and Nelson's motions on the ground that while the officers had the necessary founded suspicion to stop their vehicle, "as a matter of law, they ... improperly detained [Merklein and Nelson] beyond [the time required to run the computer check]." The trial court correctly held that the officers had the authority to stop the suspect vehicle. Since the police had a description of the crime, the perpetrators and their vehicle, they were proper in making an investigatory stop under the Stop and Frisk law, Section 901.151, Florida Statutes (1977). We think, however, that the court erred in its ruling that the length of the detention was unwarranted.
Given the right to stop the vehicle and Merklein's and Nelson's apparent disagreement about the presence of weapons in their car, the officers properly detained them. It is permissible to detain suspects for a reasonable time to investigate the circumstances warranting an investigatory stop as well as any suspicious circumstances produced by the stop. See State v. Lopez, 369 So.2d 623 (Fla.2d DCA 1979); State v. Stevens, 354 So.2d 1244 (Fla.4th DCA 1978). The reasonableness of an investigatory detention depends on the circumstances surrounding the detention, and not solely on its length. See Lopez, 369 So.2d at 625. In State v. Stevens the Fourth District held *220 that a detention of thirty minutes or less was reasonable where necessary to investigate suspicious circumstances and determine if probable cause existed. 354 So.2d at 1248.
Here Merklein and Nelson and their automobile fit the description of the assailants and their automobile, and the police were transporting the victim and witnesses to the scene of the stop for the purpose of identification. If the deputies had allowed Merklein and Nelson to leave, they would have frustrated any attempted identification and thwarted the investigatory process. Finally, Merklein and Nelson appeared to be in disagreement when they initially responded to the deputies' question about additional weapons in the vehicle. Under these circumstances it was reasonable for the officers to detain Merklein and Nelson for a reasonable time pending arrival of Deputy Poole with the victim and witnesses.
Merklein and Nelson also urge before this court, as they did in the trial court, that Deputy Bishop did not administer the required Miranda warnings until after she had questioned Merklein the second time regarding weapons in the car. It was this admission, they say, that gave the officers probable cause to arrest them. It is not clear to us from the trial court's comments, however, whether it reached this issue. Further, neither Merklein and Nelson nor the state have indicated that the court reached this issue. Hence, we do not reach it on this appeal. If, on remand, the court should determine that the officers did not properly administer Miranda warnings, then it must suppress the tangible evidence seized from the automobile.
Finally, Merklein and Nelson contend that the trial court erred in ruling that their confessions were not coerced; we reject this contention. Consequently, if the court determines on remand that the officers properly administered Miranda warnings, the confessions are admissible at trial.
We reverse the trial court's order suppressing appellees' confessions and the tangible evidence seized by the officers. We remand for further proceedings consistent with this opinion.
RYDER and CAMPBELL, JJ., concur.