THOMPSON, Judge.
The state appeals orders granting the defendants’ motions to suppress. The state contends that there was a reasonable suspicion of criminal activity to justify the investigative stop of defendants’ vehicle shch that the trial court erred in granting the defendants’ motions to suppress tangible evidence seized during the search. We agree and reverse.
*900 In the early morning hours of October 23, 1981, Officer Hillis was patrolling an area he knew to have a high crime rate when he saw a Volkswagen station wagon, with its headlights off, stopped on a road behind Major’s Auto Salvage Company (Major’s), a business which he knew had been burglarized several times in the past year. As Officer Hillis approached the parked car, it proceeded toward and passed the police cruiser at a distance of a few feet and he was able to see huge truck tires stacked in the rear of the station wagon. Although Officer Hillis did not specifically indicate that he knew tires of the type he saw in the station wagon had been previously stolen from Major’s, he did know that tires had been previously stolen from Major’s and he had seen similar tires at Major’s. When Officer Hillis attempted to stop the station wagon near where he first observed the car, it apparently stopped on its own accord. We find that under these circumstances Officer Hillis had a well-founded and articula-ble suspicion that the occupants of the station wagon were engaged in criminal activity. The stop and investigatory detention were therefore justified. See United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980), cert. denied, 398 So.2d 1352 (Fla.1981); State v. Merklein, 388 So.2d 218 (Fla. 2d DCA 1980), pet. for rev. den., 392 So.2d 1377 (Fla.1981). When Officer Hillis’ prompt investigation at Major’s revealed that the tires in the rear of the station wagon had been stolen from Major’s, Officer Hillis was then justified in searching the car and seizing the tires and other stolen articles found in the car. Accordingly, we reverse the trial court’s orders suppressing the evidence and remand for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.