PER CURIAM.
Pascual Soler was convicted of trafficking in cocaine. The testimony at trial showed that Soler was a passenger in a tow truck as it traveled along the Florida Turnpike. The tow truck was driven by a codefendant. The driver of the tow truck pulled alongside a vehicle containing two females and held up a plastic bag of white powder (later identified as cocaine). Soler, the passenger in the truck, never held up the baggie. The driver and Soler made waving motions to try to get the women to pull over. Later when the women pulled over to switch drivers the two men also stopped. The driver of the truck asked them if they wanted to “party” but never mentioned the word “cocaine”. The women noticed that the driver of the truck had white powder on his face and under his nose. The women drove to a service plaza and reported what had occurred to several state troopers at the service plaza. Later the tow truck was stopped and the trooper received permission from the driver to search the vehicle. The trooper leaned the bench seat forward and observed three white plastic shopping bags behind the defendant, Soler’s, side of the seat. One contained two clear plastic bags with large amounts of cocaine. These bags were not visible from within the seating area.
Soler was charged with trafficking in cocaine. After the close of the state’s case Soler made a motion for judgment of acquittal on grounds that the evidence was insufficient to prove constructive possession of the cocaine. The motions were denied, Soler was convicted and this appeal follows.
We reverse. To establish constructive possession the state must show that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). Where the premises are in the joint control of two people the knowledge of the presence of the contraband will not be inferred but must be established by proof. That proof may consist either of evidence establishing that the accused had actual knowledge of the presence of contraband or evidence of incriminating statements and circumstances other than the location of the contraband, from which the jury might lawfully infer knowledge by the accused of the presence of the contraband. Murphy v. State, 511 So.2d 397 (Fla. 4th DCA 1987). Here there was no proof that Soler had actual knowledge of the presence of the cocaine. Further there was no evidence of incriminating circumstances or actions of the defendant which would be sufficient to allow the jury to infer knowledge of the presence of the contraband. The state argues that the truck driver’s action in holding up the cocaine and motioning to the women is circumstantial evidence from which the jury could legally infer that Soler had knowledge of the presence of the cocaine and the ability to maintain control over it. We reject this argument. There was only evidence that Soler participated in waving to the two women, there was no evidence that Soler held up the baggie. And when the truck driver offered to “party” with the two women the word “cocaine” was never mentioned. Nothing in the evidence established that Soler had knowledge that there was a large amount of cocaine behind his seat or the requisite control over the contraband. Accordingly, the trial court should have granted Soler’s motion for judgment of acquittal.
REVERSED and REMANDED, for further proceedings consistent herewith.
GLICKSTEIN, WALDEN and STONE, JJ., concur.