DANAHY, Acting Chief Judge.
The appellant pled nolo contendere to a charge of possession of a controlled substance after his motion to suppress was denied, reserving his right to appeal the denial. He contends that there was insufficient probable cause for the police officer to arrest him, thus the controlled substance found on his person incident to that arrest should have been suppressed. We agree and reverse.
Sheriffs Deputy Jefferies testified that he was dispatched to a convenience store at 2 a.m. where the night clerk told him that a group of four persons had just left the store and that he suspected them of shoplifting because several packs of Doral cigarettes were missing. The clerk had been talking to two of the group, a male (the appellant) and a female at the counter, while the appellant’s second and third female companions were at different locations in the store. The clerk believed the appellant and the first female at the counter were trying to distract him from what the two other females were doing. The clerk saw the second female stuffing “something” under her jacket while standing in front of the Doral cigarette display. Recognizing two of the females as persons who had stolen items from the store previously, the clerk ordered them to leave or he would call the police. Deputy Jefferies took this information and radioed other deputies who soon thereafter stopped the group of four in their car a short distance away.
After the car was stopped, the female driver of the car consented to a search of the vehicle. As the appellant got out of the front passenger seat, Deputy Jefferies saw two packs of Doral cigarettes on the front floor of the passenger side. The cigarettes had no markings identifying the store from which they came. Based upon these facts, Deputy Jefferies arrested appellant for retail petit theft. When Deputy Jefferies searched the appellant, he discovered three tablets of a morphine derivative on his person.
We conclude that the facts and circumstances known to the police were insufficient to create probable cause to arrest the appellant. At most, only a founded suspicion was created. See Dupont v. State, 561 So.2d 20 (Fla. 2d DCA 1990). Without more than occurred here, the mere fact that the appellant was a passenger in. a car also containing a person who was suspected of a crime is insufficient to create probable cause. See Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991).
We reverse the conviction and remand with instructions to discharge the appellant on this charge.
THREADGILL and PARKER, JJ., concur.