622 So.2d 526 (1993)
James W. ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03003.
District Court of Appeal of Florida, Second District.
July 23, 1993.
*527 Kelley W. Collier of Tanner & Collier, P.A., Eaton Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Acting Chief Judge.
James Allen (Allen) appeals the final judgment which adjudicated him guilty of trafficking in methamphetamine. We reverse, concluding that the evidence does not support that Allen had constructive possession of the methamphetamine.
In December 1991 the "Methamphetamine Task Force" served a search warrant at a residence located near Lake Wales.[1] At the time the warrant was executed, five people (three adults and two small children) were present. When the task force approached the house they found David Bretch outside the residence working on a vehicle. Allen and Charley Douglas (Douglas) were found in the kitchen. Deputy Moore testified that he saw a piece of aluminum foil on the counter. He suspected that Allen and Douglas were about to use the foil to smoke the methamphetamine. However, there was no testimony that the foil had been or actually was used to consume any drugs. Also found in the kitchen was an electronic scale which is the type often used to weigh narcotics. The scale was not tested for drug residue. Deputy Moore read Allen and Douglas the search warrant and their Miranda rights.
Deputy Moore searched Allen and found a small packet of methamphetamine in his pocket. An analysis of the packet revealed that the substance in the packet was 2.9 grams of methamphetamine. He also found a small notebook in Allen's pocket. The notebook contained names, quantities, and dollar amounts. The lab developed two latent fingerprints and one latent palm print from the notebook. The fingerprints belonged to Donna Bretch, a resident of the house and the mother of Allen's children. The palm print did not belong to any of the residents. Allen's name was not in the notebook.
The officers testified that they found a portfolio on the kitchen table which contained various receipts for property and items. There was no testimony offered concerning a description of the property and items referred to in the portfolio. Most of the receipts were in Donna Bretch's name, while only a few of the receipts had Allen's name on them. The state did not introduce the receipts into evidence. Along with the receipts, the officers found an instruction book on making methamphetamine and an instruction book on setting up clandestine drug laboratories.
The search also resulted in the seizure of approximately fifty-six grams of methamphetamine discovered in the master bedroom inside a brown sock that was in a compact disk case on top of a dresser. There were no fingerprints of value found on these items. The closet in the master bedroom contained clothing for both men and women.
*528 Allen testified that he received the packet of methamphetamine from Tim Covey (Covey), another resident of the house. Covey and the other residents had free access to the house because the only interior doors were on the bathroom and between the living room and the front porch. Allen testified that he ordered Covey to move out, because Allen discovered that Covey was dealing in large quantities of methamphetamine. Allen denied any knowledge of the drugs found in the master bedroom. Allen testified that Donna Bretch put the notebook in his pocket before she left on the day of the search warrant. Donna returned approximately two hours after the search warrant was executed.
At the close of the evidence in the state's case, the defense made a motion for judgment of acquittal based upon the state's insufficient proof that Allen was guilty of the trafficking charge. The trial court denied Allen's motion. At the close of the evidence for the defense, the trial court denied all earlier motions.
In order to affirm Allen's trafficking conviction, the evidence has to support that Allen knowingly sold, purchased, manufactured, delivered, brought into this state, or was in the actual or constructive possession of methamphetamine in an amount of at least twenty-eight grams. Section 893.135(1)(b), Fla. Stat. (1991). Based upon the evidence presented and the fact that the trafficking amount of the methamphetamine seized was not in the actual control of Allen, the only permissible theory of prosecution of Allen was for constructive possession.
In order to obtain a conviction based on constructive possession, the state must prove that the defendant: (1) knew of the presence of the drug; (2) knew of the illicit nature of the drug; and (3) had or shared dominion and control over it. Rogers v. State, 586 So.2d 1148, 1151 (Fla. 2d DCA 1991). "Mere proximity to the contraband, standing alone, is insufficient to establish constructive possession of a substance." Rogers, 586 So.2d at 1151. There must be actual proof that Allen knew of the presence of the contraband and had dominion and control over it because the bedroom, where the methamphetamine was found, was not in the exclusive possession of Allen. See Giddens v. State, 443 So.2d 1087, 1088 (Fla. 2d DCA 1984) (holding that the state failed to prove that the premises were in defendant's exclusive control). Donna Bretch shared the master bedroom, and the other residents had access to the bedroom. In fact some of Covey's personal belongings were in the dresser of the bedroom. While it is true that Allen had a small quantity of methamphetamine in his pocket, that alone is insufficient to show that Allen had knowledge of the methamphetamine in the master bedroom.
The state's evidence of Allen's possession is circumstantial and does not exclude every reasonable hypothesis of innocence. See McArthur v. State, 351 So.2d 972 (Fla. 1977). The prosecution failed to exclude every reasonable hypothesis of innocence because it is possible that Covey, Donna Bretch, David Bretch, or Douglas placed the drugs in the master bedroom. There were no fingerprints on the containers holding the drugs or on the notebook found in Allen's possession that linked Allen to this crime. The state failed to introduce such evidence which would rebut Allen's theory of events. Where there is no evidence from which dominion or control of the contraband can be inferred, a judgment of acquittal is proper. Campbell v. State, 577 So.2d 932 (Fla. 1991).
In reversing the trafficking charge, we conclude that the evidence was sufficient to convict Allen of the lesser charge of possession of methamphetamine pursuant to section 893.13(1), Florida Statutes (1991). Therefore, we direct the trial court to enter a judgment for the lesser included offense of possession of methamphetamine and to sentence accordingly. See § 924.34, Fla. Stat. (1991).
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND and BLUE, JJ., concur.
NOTES
[1] The probable cause listed in the application for the search warrant alleges that a confidential informant, supervised by a law enforcement officer, purchased methamphetamine from the residence. No information is contained in the probable cause statement regarding the identity of the person who sold the controlled substance.