675 So.2d 1006 (1996)
George Earl RENNARD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00665.
District Court of Appeal of Florida, Second District.
June 14, 1996.
*1007 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant appeals his judgment and sentence for possession of methamphetamine. He contends the trial court erred by denying his motion to suppress and by improperly imposing court costs and probation conditions. We reverse because the defendant was arrested and searched without probable cause. Our reversal renders the remaining issues moot.
The defendant moved to suppress the methamphetamine that was found in his pocket when he was arrested at the scene of a roadblock. He argues that he was unlawfully detained at an illegal roadblock and that he was arrested and searched without probable cause. We find no merit in the defendant's challenge to the roadblock or the challenge to his detention prior to arrest. The roadblock met the requirements established in State v. Jones, 483 So.2d 433 (Fla.1986), and the defendant's initial detention was lawful. However, because we conclude that the officers did not have probable cause to arrest the defendant, the search and seizure incident to the arrest was unlawful and, therefore, the motion to suppress should have been granted.
The Polk County Sheriff's Office conducted a roadblock from 11:00 p.m. on August 27, 1994, until 2:30 a.m. on August 28, 1994, at the intersection of State Road 33 and Mount Olive Road, to check for intoxicated drivers and to inspect drivers' licenses and vehicle safety equipment. In addition, members of the Federal Bureau of Investigation asked passing motorists for information about a fugitive.
The defendant was a front seat passenger in one of the cars that was stopped at the roadblock. When the driver of the vehicle was asked to produce his driver's license, he responded that he had an out-of-state license but did not have it with him. The driver was directed to pull off to the side of the road and was detained while the deputy ran a driver's license and warrant check on the computer. This check ultimately revealed that the driver had a suspended license as well as an outstanding warrant for his arrest.
While the computer check was being processed, a K-9 unit deputy was asked to walk his dog around the vehicle. The deputies testified that they had no founded suspicion to search the car or to detain it longer than necessary to run the computer check on the driver. One deputy explained that he was only suspicious. The K-9 deputy first asked the driver whether he had narcotics in the car. The driver said that he did not and offered to let the deputy check the vehicle. At the deputy's request, both the driver and the defendant exited the car. The deputy walked the dog around the car, and the dog alerted. The dog then entered the car and alerted on four areas: under the driver's seat, the space between the driver and passenger seats, a brief case on the back seat and a tool box in the hatchback area.
The deputies searched the car and found paraphernalia, including scales with methamphetamine residue, under the driver's seat. Paraphernalia was also found in a tool box in the hatchback area of the car. Both the driver and the defendant were arrested for possession of methamphetamine and possession of paraphernalia. However, the defendant was later charged only with possession of methamphetamine which was found in his pocket after he was arrested.
*1008 The trial court's written order denies the motion to suppress without reciting a basis. At the hearing, the trial court stated:
Okay. Well, I agree with the State's position starting with the fact that the nobill is irrelevant for this motion to suppress. It was a valid roadblock thus a valid stop, probable cause was established, he was arrested and it was a search incident to a lawful request. That's what my ruling is.
As we have already stated, we find no error in the trial court's conclusion that both the roadblock and the initial stop of the vehicle were valid. We do find error in the conclusion that there was probable cause for the arrest and subsequent search of the defendant. The search of the vehicle was lawful for several reasons. The driver consented, the dog alerted and there was probable cause to arrest the driver on an outstanding warrant as well as for driving with a suspended license. However, the arrest of the defendant may only be upheld if the deputies had probable cause to believe he was in actual or constructive possession of the contraband found in the vehicle.
The defendant did not have actual possession of any contraband found in the car and there were no facts to support a reasonable belief that he had constructive possession. Constructive possession requires that a person: (1) know of the presence of the substance; (2) know of the illicit nature of the substance; and (3) have or share dominion and control over it. Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991). The only paraphernalia located close to the defendant was found under the driver's seat by the transmission hump. One of the investigating deputies testified that the paraphernalia would not be visible to someone sitting in the front passenger seat. None of the deputies testified that they had any reason to believe that the defendant knew of the presence of the contraband in the vehicle. Mere proximity to contraband does not create probable cause of constructive possession. See Rogers, 586 So.2d at 1151-1152.
The defendant was arrested solely because he was a passenger in the vehicle. Discovery of contraband in a vehicle does not, in and of itself, establish probable cause to arrest all the occupants of the vehicle. Because the defendant was searched pursuant to an unlawful arrest, the items seized from his pocket must be suppressed.
Reversed and remanded with directions to grant the defendant's motion to suppress.
FRANK, A.C.J., and FULMER and QUINCE, JJ., concur.