779 So.2d 476 (2000)
Jesus ZANDATE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3531.
District Court of Appeal of Florida, Second District.
November 3, 2000.
James Marion Moorman, Public Defender, and Patricia A. Paterson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
FULMER, Acting Chief Judge.
Jesus Zandate appeals the denial of his motion to suppress drugs seized during the traffic stop of a car in which he was riding as a passenger. He argues that the drugs were seized pursuant to an unlawful search of his pocket. We reverse because the deputy did not have probable cause to arrest Zandate at the time of the search, and therefore, the search was illegal.
Deputy Aument testified at the suppression hearing that he stopped the car due to an expired temporary tag. Both the driver and Zandate, the front-seat passenger, stepped out of the vehicle. The driver gave the deputy consent to search the vehicle. The deputy did not speak to Zandate. When he entered the car, the deputy smelled "a hint" of burnt marijuana. Upon opening the ashtray, the deputy detected a residual amount of marijuana. The driver indicated it was not his marijuana and consented to a pat-down search. The deputy then proceeded to search Zandate who was standing off to the side. The deputy located a small baggie of marijuana and some powder cocaine in Zandate's pocket.
Zandate argues that reversal is required pursuant to Rennard v. State, 675 So.2d 1006 (Fla. 2d DCA 1996). We agree. In Rennard, this court concluded that although the initial stop and detention of a vehicle were valid, there was no probable cause to arrest the passenger after drugs were found in the car because the deputies did not have reason to believe that the passenger knew of the presence of the contraband. As a result, the search of the passenger was unlawful.
Here, there was no probable cause to arrest Zandate for possession of marijuana because the evidence did not show that Zandate knew of the presence of the substance in the closed ashtray. We find it significant that the deputy's testimony did not indicate that the marijuana in the ashtray had been smoked recently. See *477 Thomas v. State, 743 So.2d 1190, 1193 (Fla. 4th DCA 1999) (where there was no evidence that marijuana cigarette had been recently consumed, the State failed to prove the defendant's knowledge of the illicit nature of the cigarette found in car ashtray). Because "[m]ere proximity to contraband does not create probable cause of constructive possession," the deputy's discovery of the marijuana in the closed ashtray did not establish probable cause to arrest Zandate. See Rennard, 675 So.2d at 1008. Because Zandate was searched pursuant to an unlawful arrest, the items seized from his pocket must be suppressed. See id.
Reversed and remanded with directions to grant the motion to suppress.
SALCINES and DAVIS, JJ., Concur.