983 So.2d 1228 (2008)
Dennis James VAN LEER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3880.
District Court of Appeal of Florida, Fifth District.
June 20, 2008.
*1229 Dennis James Van Leer, Ft. Lauderdale, pro se.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Dennis Van Leer appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Van Leer's complaints fall into two categories: the State's failure to prove all the necessary elements of the offense and his counsel's failure to call witnesses. We affirm.
A jury convicted Van Leer of trafficking in methamphetamine. The evidence presented at trial showed that the police went to a home occupied by Van Leer and his former girlfriend, Catherine Hutchinson. Inside the home, methamphetamine was found in a clothing bin that Van Leer acknowledged was his. Additional methamphetamine was found in Van Leer's pocket. Van Leer subsequently filed a motion for postconviction relief contending that the State failed to prove his constructive possession of the trafficking amount of methamphetamine. Van Leer also asserted that his trial and appellate counsels' assistance was ineffective.
The trial judge's handling of the postconviction proceeding was exemplary. Van Leer's arguments that the State did not prove all the elements of trafficking and that his trial counsel was ineffective because he failed to call Catherine Hutchinson were properly denied without a hearing *1230 by an interim or partial order. As the trial court properly found, Van Leer's first argument challenging the sufficiency of the evidence based on Allen v. State, 622 So.2d 526 (Fla. 2d DCA 1993), was preserved and argued on direct appeal, and thus was not cognizable through collateral attack. See Harvey v. Dugger, 656 So.2d 1253, 1256 (Fla.1995) (holding claims raised on direct appeal are not subject to collateral attack). Van Leer's second argument was meritless because the trial court, by attaching portions of the record, plainly demonstrated that Catherine Hutchinson did, in fact, testify on Van Leer's behalf.
Van Leer's other allegations of ineffective assistance of counsel were not refuted by the record, and the court properly held an evidentiary hearing. See Fla. R.Crim. P. 3.850(d); Jacobs v. State, 880 So.2d 548, 550-51 (Fla.2004). At that hearing, Van Leer was unable to secure the presence of the three additional witnesses whose testimony he sought to present at trial. The court offered Van Leer additional time to attempt to secure their presence, but he declined this invitation. Instead, he proffered that two of the witnesses would have testified about a statement made by Catherine Hutchinson and that the third witness would have testified that a drug field test was not conducted at his home. At the conclusion of the evidentiary hearing, the trial court denied the remaining allegations of Van Leer's motion for postconviction relief.
It is the defendant's burden to show that his counsel's performance was deficient and he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A failure to call witnesses may constitute ineffective assistance of counsel when the defendant proffers the substance of the witnesses' testimony and the witnesses may have been able to cast doubt on the defendant's guilt. Morris v. State, 931 So.2d 821, 830 (Fla.2006). Here, Van Leer failed to indicate how these witnesses would have cast doubt on his guilt and the trial court properly rejected this claim.
The court also properly rejected Van Leer's claims of ineffective assistance of counsel based on a failure to conduct depositions and file a motion to suppress because Van Leer failed to show that there was a reasonable probability that, but for these errors, the result of his trial would have been different. See Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
AFFIRMED.
ORFINGER and TORPY, JJ., concur.