WOLF, J.
 

 Appellant challenges a final order of delinquency for the charges of possession of cocaine and paraphernalia. He asserts that the State failed to prove constructive
 
 *858
 
 possession of the cocaine and drug paraphernalia found in a jointly occupied vehicle. We determine that the State proved that appellant had constructive possession of the contraband, and affirm.
 

 Appellant was a passenger in the back seat of a car stopped by Officer Narayan of the Gainesville Police Department on August 30, 2008. Two other individuals were in the vehicle, both in the front seat. Upon searching the vehicle, the police found a small (1.5" x 1.5") clear plastic bag in plain view on the left hand side of the rear seat. Appellant was in the right hand rear seat. Narayan said the bag was within appellant’s reach. It was later established that the bag contained cocaine.
 

 Narayan gave Miranda warnings to all three occupants of the car, and they spoke to him. Narayan could not remember their exact words, but he claimed all three of them knew “there was cocaine in the car, just no one would claim it.”
 

 On cross-examination, Narayan explained that it was getting dark that night and, due to the tint on the car windows, he could not see anything that was going on in the car before the stop. Narayan also admitted he could not see whether one of the other passengers had tossed the bag into the back seat before the door was opened.
 

 In a constructive possession case, the State must prove beyond a reasonable doubt that “the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband.”
 
 Brown v. State,
 
 428 So.2d 250, 252 (Fla.1983). Knowledge is not at issue in this case. A number of cases have made the broad statement that the combination of an item being in plain view and within a defendant’s proximity is insufficient to establish the control element of constructive possession.
 
 See, e.g., Taylor v. State,
 
 319 So.2d 114 (Fla. 2d DCA 1975);
 
 Johnson v. State,
 
 456 So.2d 923 (Fla. 3d DCA 1984). All of these cases, however, can be distinguished on their facts from the instant case. Many of the cases involve defendants that were neither owners nor occupants of the premises or areas in which more than one person had access to where the drugs were found.
 
 See, e.g., Taylor,
 
 319 So.2d 114 (proximity to marijuana in plain view was insufficient to establish constructive possession where defendant neither owned or occupied premises);
 
 Johnson v. State,
 
 456 So.2d 923 (several people were in an apartment not owned or occupied by the defendant).
 

 In
 
 State v. Williams,
 
 742 So.2d 509 (Fla. 1st DCA 1999), however, we-found that evidence that drugs were in an area of a car that was in the exclusive possession of a defendant was sufficient to satisfy the control element of constructive possession. In the instant case, there is direct evidence of control; the cocaine was in the back seat, an area that was in the exclusive control of appellant. Appellant argues that the State failed to prove that one of the other occupants of the vehicle had not tossed the cocaine into the back seat when the car was stopped by police. The issue of how the cocaine ended up in an area exclusively in defendant’s control, however, was for the trier of fact to decide.
 

 AFFIRMED.
 

 WEBSTER and CLARK, JJ., concur.