GRIFFIN, J.
 

 The State of Florida appeals an order granting Omar Robinson’s [“Robinson”] motion to suppress. Because we conclude that the police had probable cause to arrest Robinson, we reverse.
 

 Deputy Patrick Flanagan, with the Seminole County Sheriffs Office, testified at the hearing on the motion to suppress that he and then deputy-in-training Jeffrey Johnson, initiated a traffic stop on a vehicle whose tag did not match the vehicle.
 
 [1]
 
 Robinson was a passenger in that vehicle. After stopping the vehicle, Deputy Flanagan learned that the driver did not have a valid driver’s license. When the driver admitted that he was aware his driver’s license was suspended, the driver was arrested.
 

 At that point, Deputy Flanagan requested that the other two passengers in the vehicle, including Robinson, exit the vehicle in order to allow for a search of the vehicle incident to the driver’s arrest. Deputy Flanagan stated that he had the two passengers sit outside on the curb while he conducted the search. He immediately observed, in plain view, a plastic bag on the rear floorboard on the passenger side, which appeared to be crack cocaine. This was where Robinson had been sitting before being asked to exit the vehicle. After finding the crack cocaine, Deputy Flanagan secured the two passengers in the vehicle and advised Robinson of his Miranda
 
 [2]
 
 warnings. Robinson then admitted that the drugs belonged to him and also informed Deputy Flanagan that he had drugs in his right shoe.
 

 Former Deputy Johnson confirmed that they initiated the stop of the vehicle after they ran the tag and it came back belonging to another vehicle. He additionally confirmed that the driver was arrested because his license had been suspended. They then removed the two remaining occupants from the vehicle and performed a search. Robinson and the other occupant were placed in handcuffs, for officer safety. Although he was not positive, he believed that the two occupants were placed in handcuffs at the same time the driver was arrested or shortly thereafter. He confirmed that Robinson was placed under arrest after the deputies found the cocaine.
 

 The trial court granted Robinson’s motion to suppress, making the following findings of fact and conclusions of law:
 

 The Defendant is charged with possession of cocaine. He was the rear right seat passenger in a car stopped for driving with an improper tag. The driver was arrested for driving while his license was suspended or revoked. The arresting deputy then requested that the Defendant and the other passenger exit the vehicle so that it could be searched
 
 *139
 
 incident to the driver’s arrest. On the right rear floorboard, the deputy discovered a baggie of crack cocaine in the area the Defendant had been seated. The Defendant and the other passenger were secured in handcuffs for further investigation.
 
 Post-Miranda,
 
 the Defendant admitted that the cocaine belonged to him. According to Deputy Flanagan, the Defendant was only then arrested. Subsequent to his arrest, the Defendant admitted additional contraband was in his shoe.
 

 The Defendant claims that he was arrested without probable cause. Based upon the testimony, he is correct. The traffic stop, arrest of the driver, and search of the vehicle were all valid. However, upon discovery of the cocaine in the vehicle, the Defendant was placed in handcuffs. There is no dispute that Deputy Flanagan could have detained [him] to conduct a criminal investigation based upon
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, there was no basis for Deputy Flanagan to handcuff the Defendant in order to proceed with his investigation. There was no testimony that Deputy Flanagan had probable cause to believe that the Defendant was armed, nor was a pat down search conducted to dispel such a belief. There was also no indication that the Defendant appeared as if he was about to flee. As such, the use of handcuffs turned the
 
 Terry
 
 stop into an arrest.
 
 See Reynolds v. State,
 
 592 So.2d 1082 (Fla.1992);
 
 Baggett v. State,
 
 849 So.2d 1154 (Fla. 2d DCA 2003). The Defendant’s mere proximity to the drugs did not give probable cause for this arrest.
 
 See Zandate v. State,
 
 779 So.2d 476 (Fla. 2d DCA 2000);
 
 Rennard v. State,
 
 675 So.2d 1006 (Fla. 2d DCA 1996). Therefore, the arrest was unlawful. The unlawful arrest tainted all statements made subsequently while the Defendant was in custody. Therefore, these statements and all contraband seized from the person of the defendant as a result of the unlawful arrest should be suppressed.
 

 This is a constructive possession case in which drugs were found during a search incident to a lawful arrest. Once the deputy found the drugs, he had probable cause to believe that a crime had been committed. The question here is whether he had probable cause to believe Robinson committed that crime.
 

 Below, the trial court found that Robinson was placed in handcuffs after the deputies found the drugs in the back of the car. However, the court concluded that Robinson’s mere proximity to the drugs did not give probable cause for his arrest. In reaching its decision, the trial court relied on
 
 Zandate v. State,
 
 779 So.2d 476 (Fla. 2d DCA 2000) and
 
 Rennard v. State,
 
 675 So.2d 1006 (Fla. 2d DCA 1996). The State contends those cases are not controlling.
 

 In
 
 Zandate,
 
 the defendant, a passenger in a car, was arrested after drugs were seized during a traffic stop. There, the driver of the car consented to a search of his vehicle. The deputy found a residual amount of marijuana in the closed ashtray. The driver indicated that it was not his and consented to a pat-down search. Not finding any drugs on the driver, the deputy then searched the defendant and found a small baggie of marijuana and cocaine in his pants pocket. The defendant successfully argued that the deputy did not have probable cause to search his pockets or to arrest him because there was no evidence that the defendant knew of the presence of the substance in the closed ashtray. The Second District in
 
 Rennard
 
 similarly concluded that, although the initial stop and detention of the vehicle were valid, there was no probable cause to arrest the passenger after drugs were found in the car because the deputies did not have reason
 
 *140
 
 to believe that the passenger knew of the presence of contraband under the driver’s seat and not visible to a person in the passenger’s location.
 

 This case is more similar to the First District Court’s decision in
 
 R.D.D. v. State,
 
 15 So.3d 857, 857 (Fla. 1st DCA 2009). There, law enforcement officers stopped a vehicle and found drugs in a clear plastic bag in plain view on the left side of the rear seat. R.D.D. was in the right hand rear seat. The court found that the evidence of exclusive possession of the area of the car where the drugs were in plain view is sufficient to prove constructive possession. Id
 

 In Jiles v.
 
 State,
 
 984 So.2d 622 (Fla. 2d DCA 2008), police found drugs located in the opening of the driver’s side door. Jiles was the driver but he had a passenger. The
 
 Jiles
 
 court said that mere proximity to drugs is not enough to infer constructive possession but the proximate location coupled with plain view of the drugs is sufficient to meet the elements of a constructive possession offense.
 
 Id.
 
 at 623.
 
 [3]
 

 In the present case, the drugs were in plain view on the floorboard of the right rear passenger seat where Robinson was seated. The drugs were at Robinson’s feet and were within his reach before he stepped out of the vehicle. This evidence is sufficient to establish probable cause to believe that Robinson was in possession of the drugs and to arrest him for it. As a result, the trial court erred in granting the motion to suppress based on lack of probable cause.
 

 REVERSED and REMANDED.
 

 PALMER and JACOBUS, JJ., concur.
 

 [1]
 

 . The tag belonged to a red Ford, but was attached to a green Pontiac.
 

 [2]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [3]
 

 .
 
 See also Maryland v. Pringle,
 
 540 U.S. 366, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003).