PER CURIAM.
Autavious M. Capers appeals an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. In Caper’s 8.850 motion, he set forth two grounds for relief. First, he asserted that his trial counsel was ineffective for failing to interview alibi witnesses. In our previous opinion regarding this matter, we agreed with the State that this claim is refuted by the record because Capers admitted his participation in the crimes during the plea colloquy and gave a proffer regarding his involvement in the crimes. As such, the trial court correctly summarily denied this claim. See Van Leer v. State, 983 So.2d 1228, 1229 (Fla. 5th DCA 2008).
In the second ground he sets forth, Capers alleged that trial counsel was ineffective for failing to file a timely notice of appeal. The trial court found that the right to an appeal was waived through the plea colloquy and summarily denied the claim.
We treated this request as a petition seeking a belated appeal. See Fla. R. App. P. 9.141(c). Because there appeared to be an actual dispute as to whether Capers made a timely request of his counsel to file an appeal, we relinquished jurisdiction to the division judge to act as a Commissioner of this Court to conduct an evidentiary hearing to take testimony from Capers and Caper’s counsel and make a factual finding as to whether Capers made a timely request of his counsel to file an appeal. See State v. Trowell, 739 So.2d 77, 81 (Fla.1999); Walker v. State, 742 So.2d 342 (Fla. 3d DCA 1999).
The trial court, acting as a Commissioner for this Court, and having conducted the evidentiary hearing, found that there was insufficient evidence to conclude that Capers requested that his trial counsel file an appeal. Accordingly, we deny Caper’s petition for belated appeal.
Affirmed in part; denied in part.