IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.

WALTER UPSHAW,

      Appellee.

_____/

Case Nos. 5D17-3611 and
5D17-3743

Opinion filed July 20, 2018

Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellant.

No Appearance for Appellee.

PER CURIAM.

The State of Florida appeals an order granting Walter Upshaw's motion to suppress. Because we conclude that the police had probable cause to arrest Upshaw, we reverse.

While on foot patrol in a high crime area, two Orlando police officers observed cannabis spread on the passenger's side dashboard of a red SUV. On closer inspection,

they could also see cannabis on the passenger's seat and floor. About fifteen minutes later, Upshaw entered the passenger side of the vehicle, while a woman entered the driver's side. Shortly thereafter, the officers stopped the vehicle and patted down the occupants. Although the officer did not feel any weapons when he patted down Upshaw, he did feel something in Upshaw's pocket that he suspected to be drugs. He reached into the pocket and pulled out what turned out to be MDMA, a controlled substance.

Upshaw filed a motion to suppress, arguing that the warrantless search of his person was a Fourth Amendment violation. The State countered that because Upshaw could have been charged with possession of cannabis, the drugs in Upshaw's pocket would have inevitably been discovered. The trial court concluded that there was insufficient probable cause to arrest Upshaw for possession of cannabis and suppressed the evidence. We disagree.

The inevitable discovery doctrine requires the State to establish that the police ultimately would have discovered the evidence independently of any improper police conduct by "means of normal investigative measures that inevitably would have been set in motion as a matter of routine police procedure." Craig v. State, 510 So. 2d 857, 863 (Fla. 1987) (citations omitted). "In order to apply this doctrine, there does not have to be an absolute certainty of discovery, but rather, just a reasonable probability." State v. Ruiz, 502 So. 2d 87, 87 (Fla. 4th DCA 1987) (citing United States v. Brookins, 614 F.2d 1037 (5th Cir. 1980)). Thus, we must determine if the officers had probable cause to arrest Upshaw for constructive possession of cannabis.

To determine whether there is probable cause to arrest on a constructive possession theory, the State must establish that the arresting officer reasonably believed

2

the accused had dominion and control over the contraband and knowledge that it was within his presence. Knight v. State, 186 So. 3d 1005, 1012 (Fla. 2016). In State v. Robinson, 27 So. 3d 137 (Fla. 5th DCA 2010), law enforcement officers stopped a vehicle and arrested the driver for driving with a suspended license. After removing the defendant and another passenger from the vehicle, one of the officers observed, in plain view, a plastic bag on the rear floorboard of the passenger's side, which appeared to be crack cocaine. This was where the defendant had been sitting before being asked to leave the vehicle. This Court concluded that the evidence was sufficient to establish probable cause to believe that the defendant was in possession of the drugs and to arrest him for it. Robinson, 27 So. 3d at 140; see also R.D.D., Jr. v. State, 15 So. 3d 857 (Fla. 1st DCA 2009) (holding arrest lawful where drugs in clear plastic bag in plain view on left side of rear seat while defendant was in right hand rear seat was sufficient to prove constructive possession).

We conclude that the officers had probable cause to arrest Upshaw for constructive possession of cannabis. Had they done so, they inevitably would have discovered the drugs concealed in his pocket. For these reasons, we reverse the order suppressing the evidence.

REVERSED and REMANDED.

ORFINGER, TORPY and LAMBERT, JJ., concur.

3