736 So.2d 9 (1998)
STATE of Florida, Appellant,
v.
Steven KLEIN, Appellee.
No. 98-1637.
District Court of Appeal of Florida, Fourth District.
December 9, 1998.
*10 Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellant.
Morton Rivkind of Morton Rivkind, P.A., Hialeah, for appellee.
KLEIN, J.
The state appeals an order granting a motion to suppress drugs found in an automobile. We affirm.
The appellee was pulled over for speeding, given field sobriety tests which he passed, and was not issued a citation. It was discovered, though, that his passenger had an outstanding warrant for arrest. After there was no longer any reason to detain the appellee driver, the passenger was arrested, and the officer found little plastic bags, usually used to carry drugs, in the passenger's pockets. He then searched the car, but found nothing. The officer then called for a drug dog, and ultimately drugs were found in the passenger section of the car.
The appellee driver moved to suppress on the ground that the officer did not have founded suspicion to detain him longer than the time it took to issue a citation. The trial court granted the motion to suppress because once the appellee passed the sobriety tests, there was no longer any reason why he and his car should have been detained.
The state argued in the trial court only that there was founded suspicion to detain appellee until the car was searched. The trial court correctly rejected that argument. B.T. v. State, 702 So.2d 248 (Fla. 4th DCA 1997), and cases cited therein. On appeal the state argues for the first time that the search of the passenger part of the vehicle, in which drugs were found, was within the scope of a search incident to the arrest of the passenger and was, therefore, lawful. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). We do not reach the merits of this argument because it was not raised below.
Under section 924.051, Florida Statutes (1997), a criminal appeal may not be taken unless an error has been properly preserved or is fundamental. "Preserved" means that the legal argument presented to the trial court was "sufficiently precise" to fairly apprise the trial court of the argument being made on appeal. § 924.051(1)(b). This error was not preserved. Nor was it fundamental error. We must therefore affirm.
STONE, C.J., and GUNTHER, J., concur.