779 So.2d 464 (2000)
Neil Rashad BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2062.
District Court of Appeal of Florida, Second District.
October 25, 2000.
James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Neil Bryant pleaded no contest to a cocaine possession charge, reserving the right to appeal the denial of his dispositive motion to suppress the physical evidence against him. We conclude that the circuit court should have granted the motion to suppress. Accordingly, we reverse Bryant's conviction and sentence.
On the evening of Bryant's arrest he had been driving a friend's Jeep Cherokee sport utility vehicle. A series of events that need not be detailed here led to Bryant's consensual encounter with a Polk County Sheriffs deputy.[1] Bryant told the deputy that he had borrowed the car, but the deputy suspected it was stolen. Thus the encounter began an investigatory detention, with Bryant standing outside the Jeep while the deputy's narcotics dog sniffed it. The dog alerted to the driver's door and then the driver's seat, but the deputy found no drugs inside the car. Theorizing that the dog had responded to a residual narcotics odor left on the car seat by a person, the deputy began searching Bryant. He reached into Bryant's front pockets, both of which contained cocaine.
The search of Bryant's person was illegal. The dog's alert to the car door and seat gave the deputy probable cause to *465 search the vehicle for drugs. See Flowers v. State, 755 So.2d 708 (Fla. 4th DCA 1999); Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991). But the dog did not alert to Bryant himself. Especially given the deputy's knowledge that Bryant did not own the car (he being either a thief or a permissive user), Bryant's mere recent proximity to a car seat on which someone at some time might have left a residual odor of narcotics fell woefully shy of establishing probable cause to believe Bryant possessed narcotics. See Rogers, 586 So.2d at 1152.
Reversed and remanded with directions that Bryant be discharged.
BLUE, A.C.J., and FULMER, J., Concur.
NOTES
[1] In the spectrum of police-citizen interactions the least intrusive is a consensual encounter that involves only minimal police contact. See Popple v. State, 626 So.2d 185, 186 (Fla.1993). Next is an investigatory stop or investigatory detention, in which an officer may reasonably detain a person temporarily to investigate a reasonable suspicion that the person has committed, is committing, or is about to commit a crime. See § 901.151, Fla. Stat. (1999); Popple, 626 So.2d at 186; Allen v. State, 703 So.2d 1162, 1163 (Fla. 2d DCA 1997).