817 So.2d 948 (2002)
Richard James CADY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2635.
District Court of Appeal of Florida, Second District.
May 24, 2002.
Joseph Cerino of Bass, Cerino, and Brizel, Fort Myers, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Richard Cady appeals the denial of his motion to suppress the drugs seized from him during a traffic stop. Because the officer lacked probable cause to search Cady, we reverse.
Cady was a passenger in a pickup truck driven by Michael Ross. Ross was the target of a narcotics investigation by the Cape Coral police. Detective Richardson told Officer Jordan to watch Ross's vehicle and to stop it if the officer observed a *949 traffic violation. Shortly thereafter, Officer Jordan stopped the vehicle for making an improper lane change in an intersection. Officer McDonald, a K-9 officer, was called to the scene and assisted Officer Jordan in getting Ross and Cady out of the vehicle. Detective Richardson also arrived at the scene. Officer McDonald then led the drug-sniffing dog around the outside of the vehicle, and it alerted to the driver and passenger's door. The dog was put inside the vehicle, and it alerted to the driver's floor mat, the passenger's seat, and the center console between the seats.
Officer McDonald looked under the driver's floor mat and found a small bag of cocaine. He also checked the passenger side and the center console area but found no other drugs. Officer Jordan then arrested Ross. Detective Richardson searched Cady, found cocaine in Cady's pocket, and arrested him. The detective explained that he searched Cady because the dog had alerted to the passenger seat of the truck, which the detective concluded indicated that the drugs were still on Cady.
Cady argues that there was no probable cause for the stop of the vehicle because there is no statutory authority for a stop based on a lane change in an intersection. This argument was not made before the trial judge. Instead, Cady argued that the stop was pretextual because the officers were looking for a reason to stop the driver; however, Cady did not dispute that the driver made an improper lane change or that such was a traffic violation. Accordingly, Cady has not preserved this argument.
Cady next argues that there was no probable cause to search him based on the cocaine found under the driver's floor mat because he was not in actual or constructive possession of that cocaine. The officers had no information regarding Cady's involvement in drug activity, and the State did not present any evidence that would support a finding of constructive possession. Mere proximity to contraband is insufficient to establish constructive possession. Thus, we agree that the fact that Cady was a passenger in a vehicle where drugs were found did not give the police probable cause to search Cady. See Rennard v. State, 675 So.2d 1006, 1007 (Fla. 2d DCA 1996); Rogers v. State, 586 So.2d 1148, 1151-52 (Fla. 2d DCA 1991).
Cady also argues that the fact that the dog alerted to the passenger seat after Cady had exited the vehicle did not give the police probable cause to believe that Cady had drugs on his person. We agree, based on this court's opinion in Bryant v. State, 779 So.2d 464 (Fla. 2d DCA 2000). In Bryant, a deputy conducted a search of Neil Bryant after a drug-sniffing dog alerted to the driver's door and the driver's seat of the vehicle Bryant had been driving. No drugs were found inside the vehicle. This court concluded that while the dog alert provided probable cause to search the vehicle, the deputy did not have probable cause to search Bryant under the theory that Bryant had left a residual odor of drugs on the seat.
Pursuant to Bryant, the police did not have probable cause to search Cady. Accordingly, we reverse the order of conviction and remand for the trial court to grant the motion to suppress.
Reversed and remanded.
ALTENBERND and DAVIS, JJ., concur.