911 So.2d 861 (2005)
Elvershon WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-4435.
District Court of Appeal of Florida, First District.
September 23, 2005.
Nancy A. Daniels, Public Defender; Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Elvershon Williams, seeks reversal of his convictions and sentences, arguing that the trial court erred in denying his motion to suppress because the fact that the police dog alerted to his vehicle, in and of itself, did not provide the officers with probable cause to arrest him and search his person. We agree and, therefore, reverse the convictions and sentences. See Cady v. State, 817 So.2d 948, 949 (Fla. 2d DCA 2002) (holding that the police did not have probable cause to search the defendant simply because a dog alerted to the vehicle that the defendant had been a passenger in); Bryant v. State, 779 So.2d 464, 464-65 (Fla. 2d DCA 2000) (reversing the trial court's denial of the defendant's motion to suppress because, although the dog alert to the vehicle gave the deputy probable cause to search the vehicle, the alert, standing alone, did not give the deputy probable cause to search the defendant's person); see also State v. Gibson, 141 Idaho 277, 108 P.3d 424, 433 (2005) (holding that the dog alert, which provided probable cause to search the defendant's vehicle, did not provide probable *862 cause to arrest and search the defendant for possession of contraband).
REVERSED.
DAVIS, BROWNING and LEWIS, JJ., Concur.