931 So.2d 1071 (2006)
Daniel P. REHM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1867.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
*1072 Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Rehm appeals the judgment and sentence entered following a plea preserving the trial court's denial of his motion to suppress drugs found in a search of his person. The issue is whether a drug dog's alert on the seat and handlebar of a bicycle provides probable cause to search the rider. We reverse.
The facts are undisputed. An officer observed Rehm weaving on a bicycle with no headlight just before midnight and stopped him. The officer administered sobriety tests because Rehm appeared to be under the influence. Although Rehm passed the field tests, the officer observed indicators of drug use and requested consent to search. Rehm refused and, within minutes, a K-9 officer arrived.
The dog immediately alerted to the left handlebar and the seat of the bicycle, but a search of the bicycle turned up nothing. The K-9 officer did not walk the dog around Rehm. The officer then searched Rehm, checking the left front pocket first, and found a large amount of marijuana in a plastic bag.
Although it is conceded that the stop was proper,[1] with no alert from the dog on Rehm, there was no probable cause for a search of his person. See B.T. v. State, 702 So.2d 248 (Fla. 4th DCA 1997). We note that there is no argument here that the officer was engaged in a search for weapons.
It is well established that a dog alert to a vehicle, or a seat in a vehicle, does not, in and of itself, provide sufficient probable cause to search the driver or a passenger. See Williams v. State, 911 So.2d 861 (Fla. 1st DCA 2005) (reversing conviction based upon search of a person conducted following drug dog alert to vehicle); Matheson v. State, 870 So.2d 8 (Fla. 2d DCA 2003), rev. granted, 880 So.2d 1212 (Fla.2004), rev. dismissed, 896 So.2d 748 (Fla.), cert. denied, ___ U.S. ___, 126 S.Ct. 545, 163 L.Ed.2d 499 (2005) (holding that a dog alert, standing alone, was not sufficient to establish probable cause for search of a vehicle because of possibility of alert to dead scents necessitating indicators of dog's reliability); Cady v. State, 817 So.2d 948 (Fla. 2d DCA 2002) (ruling that dog alert to vehicle was insufficient to establish probable cause for search of passenger); Bryant v. State, 779 So.2d 464 (Fla. 2d DCA 2000) (holding that a dog's alert to a car door and seat, but not the person, gave police probable cause to search only the vehicle, but not the person himself); Woodbury v. State, 730 So.2d 354 (Fla. 5th DCA 1999) (Cobb, J., concurring) *1073 (not reaching the issue of probable cause to search a passenger based on a dog alert to a vehicle because it was not preserved, but acknowledging the absence of probable cause in similar circumstances); Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991) (reversing denial of a passenger's motion to suppress because a dog alert to a van did not give probable cause to search occupants).
We note that there is no scientific support in the record for a proposition that a dog alert on a bicycle seat or handlebar is more indicative that the occupant is in present possession of drugs than a similar alert to a recently occupied automobile seat.
We have considered State v. K.V., 821 So.2d 1127 (Fla. 4th DCA 2002), and Bain v. State, 839 So.2d 739 (Fla. 4th DCA 2003), and deem them inapposite.
We remand for further proceedings.
FARMER, J., concurs.
POLEN, J., concurs in result only.
NOTES
[1] Illinois v. Caballes, 543 U.S. 405, 408, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005).